A03A0797. PERSON v. STATE OF GEORGIA.
(580 SE2d 649)

JOHNSON, Presiding Judge.

On February 5, 2002, the state filed a complaint for forfeiture against Tommy Person under OCGA § 16-13-49. On March 15, 2002, Person filed a verified answer to the complaint. Because the answer was not in compliance with OCGA § 16-13-49 (o), the state filed a motion to dismiss the answer. On April 5, 2002, Person filed an amended answer. However, this amended answer was not verified. On June 18, 2002, the state filed an amended motion to dismiss Person's answer and amended answer. The trial court granted this motion on July 29, 2002. On August 1, 2002, Person filed a motion to reconsider, contending he had, indeed, filed a verification to his amended answer. The verification shows that it was filed in the superior court on July 2, 2002. Prior to a ruling on his motion for reconsideration, Person filed the instant appeal. He contends the trial court erred in ruling that he failed to file a verified answer.

---

1. We must first address the state's contention that this case is not properly before us because Person's motion for reconsideration remains pending in the trial court. This contention lacks merit. It is well established that a motion for reconsideration does not block this Court's jurisdiction over a notice of appeal regarding the efficacy of the order underlying the motion for reconsideration.[1]

2. Person argues that the trial court erred in finding that he did not verify his amended answer when the record shows that a verification was, in fact, filed prior to the court's ruling. We agree. It is well settled that the failure to verify a pleading is an amendable defect.[2] Here, the trial court's order specifically notes that there is a question regarding whether Person's amendment to his original answer cured the shortcomings of his original answer. However, the court did not address this issue because it found that Person failed to verify his amended answer. Since the record clearly shows that Person had, in fact, filed a verification to his amended answer prior to the court's ruling, we must reverse the trial court's ruling and remand this case for the trial court to consider the issue of whether Person's verified amended answer cured the shortcomings of his original answer.

*Judgment reversed and case remanded with direction. Eldridge and Mikell, JJ., concur.*

DECIDED MARCH 27, 2003.

*Reza Sedghi,* for appellant.
*Howard Z. Simms, District Attorney, Kirby H. Wincey, Assistant District Attorney,* for appellee.

---

[1] *Threatt v. Forsyth County,* 250 Ga. App. 838, 844 (2) (552 SE2d 123) (2001); *Westbury Square Townhouses Assn. v. Bryan,* 223 Ga. App. 885, 887 (1) (479 SE2d 190) (1996) (physical precedent only).

[2] *Janet Ricker Builder, Inc. v. Gardner,* 244 Ga. App. 753, 755 (1) (536 SE2d 777) (2000).