## S11A0115. STATE OF GEORGIA v. ROZIER et al.

### (707 SE2d 100)

MELTON, Justice.

The State of Georgia, acting through the Department of Natural Resources, filed this quiet title action with regard to an island in the Altamaha River ("Dick's Island" or "Rozier's Island"). The defendants, members of the Rozier family, claim title to the island pursuant to a series of deeds beginning in 1972 filed in McIntosh County. The Roziers contend that their father originally bought the property at a tax sale, but they have no documents to verify this claim. The following matters are not disputed: (1) the island lies within the Altamaha River; (2) the Altamaha is a navigable river; and (3) the defendants cannot trace their claim to the island to either a crown grant from the King of England or a grant from the State of Georgia. OCGA § 50-16-1 indicates that islands located in navigable rivers which were not deeded to an individual by a crown grant or a grant from the State are considered the property of the State. This statute provides that the "lands heretofore specially reserved to the state are . . . all islands contained in any of the navigable waters of the state and not disposed of. . . ."

Based on OCGA § 50-16-1, the State argued to a special master that it is entitled to summary judgment, as the Roziers were unable to prove that they received the island from a line of title originating with a crown grant or a grant from the State. The Roziers countered the State by arguing that the land in contention had not always been an island, and, as a result, the land was not strictly governed by OCGA § 50-16-1. They claimed that the island had, in fact, been recently formed by avulsion (sedimentation) brought about by a change in the direction of the river. Although the State appears to concede that the flow of the Altamaha River may have changed in the past, the Roziers provided no evidence that Dick's Island was formed by avulsion. To the contrary, the Roziers have contended that "an affirmative defense must only be raised, not proven or established." After a hearing, the special master entered a ruling recommending that the State's request for summary judgment be granted. The special master found that the Roziers' contention that the land recently became an island was wholly speculative and unsupported by any evidence.

Thereafter, the Roziers attempted to appeal the special master's findings to this Court; however, the Roziers' appeal was dismissed because no final judgment had yet been entered by the superior court. After this dismissal, the State moved the superior court to adopt the special master's ruling. The superior court denied the State's motion, finding that the defendants had raised an affirmative defense to the State's action and that the special master had failed to determine

whether the State had properly pierced this affirmative defense. See, e.g., *Peppers v. Siefferman,* 153 Ga. App. 206 (265 SE2d 26) (1980). As a result, the superior court referred the matter back to the special master for a trial on this issue. The State, pursuant to the provisions of OCGA § 5-6-34, then obtained a certificate of immediate review and filed an application for interlocutory appeal, which this Court granted. This appeal ensued.

> To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. Where the movant is the plaintiff, she has the burden of presenting evidence to support her claim and the burden of piercing the defendant's affirmative defenses.

(Footnotes omitted.) *Smith v. Gordon,* 266 Ga. App. 814 (1) (598 SE2d 92) (2004). See OCGA § 9-11-56 (c). Nonetheless, the defendant must plead a legally-viable affirmative defense supported by some evidence rather than mere guesswork. " '[M]ere speculation, conjecture, or possibility [are] insufficient to preclude summary judgment.' *Rosales v. Davis,* 260 Ga. App. 709, 712 (2) (580 SE2d 662) (2003). See also *Medders v. Kroger Co.,* 257 Ga. App. 876, 878 (572 SE2d 386) (2002)." *Clay v. Oxendine,* 285 Ga. App. 50, 56 (1) (645 SE2d 553) (2007).

Turning to the matter at hand, the trial court's order remanding the case to the special master appears to be factually inaccurate. Although the trial court maintains in its order, which was drafted by the Roziers, that the "[s]pecial master recommended Summary Judgment without considering [the Rozier's] affirmative defense," the special master's order states explicitly that there had not been "any evidence . . . produced supporting the contention that . . . Dick's Island was formed subsequent to a [crown] grant or by means of a change in the course of the Altamaha River." Therefore, in addition to the discussion entered below, the trial court's order is erroneous because it relies on an incorrect factual premise.

In addition, the trial court erred by finding any triable question of fact remained based on the evidentiary posture of the case as it has been presented. Although the Roziers contend that the island in question was formed by the process of avulsion, their contention is based only on an assumption that, because the path of the river changed at some point, it must have carved Dick's Island from the mainland. Other than this supposition, the Roziers provide no evidence supporting their claim, and they have maintained that they have no obligation to show that their affirmative defense is viable. As stated above, speculation and conjecture are insufficient to preclude summary judgment. Simply raising an affirmative defense based on

such speculation does not alter this rule. As a result, the Roziers have failed to raise any evidence precluding the grant of the State's motion for summary judgment. Their affirmative defense is, in effect, pierced by its facial infirmity which the State identified, and the trial court should have entered summary judgment in favor of the State rather than ordering the parties to conduct a trial. Id.

*Judgment reversed. All the Justices concur.*

### DECIDED MARCH 7, 2011.

*Thurbert E. Baker, Attorney General, R. O. Lerer, Deputy Attorney General, Denise E. Whiting-Pack, Senior Assistant Attorney General, Mary L. Volkert, Assistant Attorney General, James A. Chamberlin, Jr., for appellant.*

*Adam S. Poppell III, Gary A. Sinrich, for appellees.*