**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**July 15, 2013**

# In the Court of Appeals of Georgia

A13A0550. GOMEZ v. INNOCENT, et al.

RAY, Judge.

Josh Gomez sued PetFirst Animal Hospital, Inc. and veterinarian Garry Innocent in a dispute over medical bills and boarding costs for Gomez's dog. He appeals from orders in which the trial court stated that it was granting summary judgment to Innocent and dismissing Gomez's action for failure to state a claim upon which relief may be granted.[1] For the reasons that follow, we reverse in part, vacate in part, and remand the case with direction.

---

[1] Gomez's first notice of appeal states that he is appealing the trial court's June 22, 2011, order denying his February 25, 2011, motion for summary judgment. However, as he presents no argument and no related enumerations of error as to this order on appeal, we need not address the issue.

The facts show that Gomez took his dog, Pilot, to PetFirst during the late night and early morning hours of August 26 and 27, 2007, because the dog was lethargic and throwing up. Innocent diagnosed the dog with a virus that could have killed Pilot if it remained untreated. Innocent gave Gomez an estimate of $1,453.25 for the dog's care. PetFirst required full payment up front, but because Gomez was unable to pay, Innocent agreed to accept $400 for that night's care, and Gomez's then-girlfriend paid the bill. Gomez left the dog for the night, then telephoned on August 27, 2007, when an employee told him he owed an additional $751.25. Neither the employee nor Gomez addressed whether there would be further charges. Gomez paid the $751.25 on August 28, 2007, after getting some of the funds as an advance from his employer. He returned on August 29, 2007, to pick up the dog. After he put the dog in his car, he was told he owed an additional $484.80. He believed that his bill had been satisfied by the prior payment, even though the dog had remained at the facility for an additional day. He neither objected to nor identified any inaccurate charges. Because Gomez was unable to pay the $484.80, Innocent asked him to leave the dog at PetFirst until the bill was paid, and Gomez

did. After the dog had been at PetFirst for 20 days, a "Good Samaritan" paid the dog's accrued bill of $972.

Gomez sued, alleging that Innocent and PetFirst breached their contract by refusing to return the dog after he paid the amounts agreed to, but before he paid "additional sums . . . not agreed by the parties in their initial contract." Gomez also claimed unjust enrichment, conversion, and "tortious invasion of [p]laintiff's rights," and sought damages. Innocent and PetFirst answered and counterclaimed, and then moved for summary judgment, which the trial court denied; they then moved for reconsideration and simultaneously filed an amended summary judgment motion, which the trial court also denied. The trial court additionally denied Gomez's motion for summary judgment.

 The case went before a jury on February 13 and 14, 2012,[2] but before the close of Gomez's presentation of the evidence, the trial court announced that it planned to dismiss the case for failure to state a claim. The trial court refused to allow Innocent to testify, refused to allow Gomez to finish presenting his case, and cut short Gomez's proffer. The trial court then issued an order sua sponte granting summary judgment

_____

[2] PetFirst did not appear for the hearing, so the trial court struck the company's answer and declared a default.

3

in favor of Innocent and PetFirst and dismissing the case for failure to state a claim. The trial court later entered another order indicating it dismissed the case at trial rather than granting summary judgment, but also stating that it had granted summary judgment as the "actual technical mechanism dismissing [p]laintiff's complaint." Gomez appeals.

1. In his first and second enumerations of error, Gomez contends that the trial court erred in dismissing his case for failure to state a claim, and in dismissing the case and granting summary judgment, without first giving him notice, a hearing, and an opportunity to present evidence.[3] We agree.

In the instant case, the trial court indicated that it considered trial testimony in rendering its decision. Where, as here, the trial court considers matters outside the pleadings, a dismissal for failure to state a claim

> shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by that code section. OCGA § 9-11-12 (b) . . . Thus, when a trial court opts to convert a motion to dismiss for failure to state a claim into

---

[3]We question why the trial court did not simply allow the plaintiff to finish his case and deal with the merits therein at the directed verdict stage.

4

one for summary judgment, the party opposing the motion may, if he so desires, have 30 days' notice in which to prepare evidence in opposition.

(Citations and punctuation omitted.) *Cox Enterprises v. Nix*, 273 Ga. 152, 153 (538 SE2d 449) (2000) (reversed in part on other grounds by *Cox Enterprises v. Nix*, 274 Ga. 801, 803 (1) (560 SE2d 650) (2002)).

Here, the trial court interrupted Gomez's testimony and announced that it would dismiss the case. Gomez's counsel began to make an offer of proof and presented some evidence from Gomez's deposition transcript and Innocent's affidavit, but before counsel had finished, the trial court cut off the proffer, noted counsel's exception, and called in the jury so they could be excused.

The trial court's decision to truncate Gomez's proffer deprived him of his right to "present *all material* made pertinent" to the motion. (Emphasis supplied.) Id. "[W]here an offer of proof is necessary it is error for the trial judge to deny counsel an opportunity to state what he proposes to prove by the evidence offered. It was error not to allow counsel to complete the record." (Citation omitted.) *Hendrix v. Byers Bldg. Supply, Inc.*, 167 Ga. App. 878, 879 (2) (307 SE2d 759) (1983).

2. Gomez next argues that the trial court erred in granting summary judgment because genuine issues of material fact remained as to whether there was an

agreement, course of conduct, or understanding between the parties such that Innocent was justified in relying on the veterinary lien statute, OCGA § 44-14-490, to retain the dog when Gomez failed to pay his bills. This enumeration is unripe for our review because Gomez did not have a full and fair opportunity to respond prior to the entry of summary judgment. Thus, the grant of summary judgment must be reversed and the case remanded so that Gomez may be given fair notice and an opportunity to respond. *Sumner v. Dept. of Human Resources*, 225 Ga. App. 91, 93 (2) (483 SE2d 602) (1997).

3. Gomez argues that the trial court lacked authority to issue its Final Order because that order was entered on September 26, 2012, after Gomez filed his Notice of Appeal to this Court on September 6, 2012.

A notice of appeal divests the trial court of jurisdiction to supplement, amend, or modify the judgment while the appeal of that judgment is pending. *McLeod v. Clements*, 306 Ga. App. 355, 357 (2) (702 SE2d 638) (2010). Thus, the trial court erred and this order is vacated.

4. Because of our determination in Division 3, we need not reach Gomez's remaining enumeration of error.

*Judgment reversed in part, vacated in part, and case remanded with direction. Barnes, P. J., and Miller, J., concur.*

6