**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**November 3, 2014**

# In the Court of Appeals of Georgia

A14A1182. GOMEZ v. INNOCENT.

McFADDEN, Judge.

This appeal challenges the trial court's grant of summary judgment to the defendant veterinarian in a dispute over medical bills and boarding costs for a dog. Because there exist no genuine issues of material fact, we affirm.

This is the second appearance of this case in this court. The decision in the first appeal, *Gomez v. Innocent*, 323 Ga. App. 1 (746 SE2d 645) (2013), set forth the following statement of facts and procedural posture.

> The facts show that [Josh] Gomez took his dog, Pilot, to PetFirst [Animal Hospital, Inc.] during the late night and early morning hours of August 26 and 27, 2007, because the dog was lethargic and throwing up. [Veterinarian Gary] Innocent diagnosed the dog with a virus that could have killed Pilot if it remained untreated. Innocent gave Gomez an estimate of $1,453.25 for the dog's care. PetFirst required full payment up front, but because Gomez was unable to pay, Innocent agreed to

accept $400 for that night's care, and Gomez's then-girlfriend paid the bill. Gomez left the dog for the night, then telephoned on August 27, 2007, when an employee told him he owed an additional $751.25. Neither the employee nor Gomez addressed whether there would be further charges. Gomez paid the $751.25 on August 28, 2007, after getting some of the funds as an advance from his employer. He returned on August 29, 2007, to pick up the dog. After he put the dog in his car, he was told he owed an additional $484.80. He believed that his bill had been satisfied by the prior payment, even though the dog had remained at the facility for an additional day. He neither objected to nor identified any inaccurate charges. Because Gomez was unable to pay the $484.80, Innocent asked him to leave the dog at PetFirst until the bill was paid, and Gomez did. After the dog had been at PetFirst for 20 days, a "Good Samaritan" paid the dog's accrued bill of $972.

Gomez sued, alleging that Innocent and PetFirst breached their contract by refusing to return the dog after he paid the amounts agreed to, but before he paid "additional sums not agreed by the parties in their initial contract." Gomez also claimed unjust enrichment, conversion, and "tortious invasion of plaintiff's rights," and sought damages. Innocent and PetFirst answered and counterclaimed, and then moved for summary judgment, which the trial court denied; they then moved for reconsideration and simultaneously filed an amended summary judgment motion, which the trial court also denied. The trial court additionally denied Gomez's motion for summary judgment.

The case went before a jury on February 13 and 14, 2012, but before the close of Gomez's presentation of the evidence, the trial court announced that it planned to dismiss the case for failure to state a claim. The trial court refused to allow Innocent to testify, refused to allow Gomez to finish presenting his case, and cut short Gomez's proffer. The trial court then issued an order sua sponte granting summary judgment in favor of Innocent and PetFirst[.]

Id. at 1-2 (punctuation and footnote omitted).

Gomez appealed from the summary judgment ruling, and this court found that the trial court had erred in truncating Gomez's proffer of evidence and not allowing him to complete the record before summarily disposing of the case. Id. at 3 (1). This court reversed the grant of summary judgment and remanded the case to the trial court for determination of whether genuine issues of material fact exist as to whether "Innocent was justified in relying on the veterinary lien statute, OCGA § 44-14-490, to retain the dog when Gomez failed to pay his bills." Id. at 3 (2).

On remand, Innocent again moved for summary judgment and Gomez filed a response. After considering the motion, the response and the entire record, the trial court entered summary judgment in favor of Innocent. Gomez appeals, challenging the grant of summary judgment to Innocent.

1. *OCGA § 44-14-490.*

Gomez claims that the trial court erred in granting summary judgment to Innocent because genuine issues of material fact exist as to the validity of the veterinarian's lien under OCGA § 44-14-490. We disagree.

OCGA § 44-14-490 (a) provides:

> Every licensed veterinarian shall have a lien on each animal or pet treated, boarded, or cared for by him or her while in his or her custody and under contract with the owner of the animal or pet for the payment

3

of charges for the treatment, board, or care of the animal or pet; and the veterinarian shall have the right to retain the animal or pet until the charges are paid.

The term "charges," as used in the veterinarian's lien statute, is defined as meaning any charges, fees or expenses "which have been contracted for, agreed to, or otherwise mutually acknowledged by written agreement, course of conduct, or understanding, including but not limited to[,] [b]oard, care, services, and treatment of the animal or pet, whether provided by the operator or by a third party and incurred by the operator[.]" OCGA § 44-14-490 (b) (1) (A) (i) (I).

In this case, it is undisputed that Innocent is a licensed veterinarian who, at Gomez's request, treated Gomez's dog Pilot for parvo virus. Gomez signed a treatment authorization form; was informed that all professional fees were due at the time services were rendered; and was given a detailed written estimate of the expected treatments and costs, which plainly stated that the total final bill could vary from the estimate depending on the medical needs of the pet. Gomez testified that his only concern was his dog's health and not the amount of the bill, and that he understood that he would have to pay at least the full amount of the estimated bill of $1,453.25. The record contains the clinical records of the actual treatment and care

4

provided to Gomez's pet, as well as a final itemized bill showing the cost of each item.

The foregoing uncontradicted evidence of record plainly shows that Gomez agreed to have Innocent treat his dog for the parvo virus in exchange for payment of at least the estimated costs. Gomez's conclusory assertion that "[n]othing was agreed to or mutually acknowledged" is simply incorrect and does not create a genuine issue of material fact.

Likewise, Gomez has not cited any evidence creating a genuine issue of material fact as to the accuracy or validity of any of the charges on the itemized bill. He has attempted to do so by claiming that Innocent admits in his affidavit that no treatment was rendered on the night of August 26, 2007, whereas the bill includes charges for services rendered that night. However, contrary to Gomez's claim, Innocent makes no such admission in his affidavit, which actually avers that on the evening of August 26, 2007, Gomez presented his dog Pilot for treatment, that Innocent diagnosed the dog as having parvo virus, and that the dog likely would have died if treatment had not commenced immediately.

Moreover, Gomez ignores Innocent's supplemental affidavit that further addressed the issue of when the services were performed, explaining that the dog was

5

first presented for treatment late in the evening, that diagnostic tests were begun at approximately 10:25 p.m. on August 26th, and that because of the critical circumstances some services were then started. As Innocent further averred, "All of the services charged to [Gomez] . . . which have a date of August 26, 2007, were itemized in the estimate which [Innocent] gave to [Gomez] on August 26, 2007, and were performed or commenced on August 26, 2007, and continued through the following day. There is no charge for treatment which was not performed."

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010). "A defendant may do this by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims." Id. (citation and punctuation omitted). Here, Innocent has met this burden by presenting evidence showing that he acted properly in relying on the veterinary lien statute to retain the dog when Gomez failed to pay his bills. Gomez thus "cannot rest on [the] pleadings, but rather must point to specific evidence giving rise to a triable issue." Id. (citation and punctuation omitted). He has failed to do so, and thus has failed to show that the trial court erred in granting

6

summary judgment because no genuine issues of material fact exist as to the validity of the veterinarian's lien under OCGA § 44-14-490.

2. *Remaining enumerations.*

Because of our holding in Division 1, we need not address Gomez's remaining enumerations of error.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*