**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 23, 2017**

# In the Court of Appeals of Georgia

A16A1552.   PATEL   v.   KENSINGTON   COMMUNITY
   ASSOCIATION, INC.

MCFADDEN, Presiding Judge.

This case involves the trial court's grant of summary judgment to Kensington Community Association, Inc. ("the Association") in its action against pro se litigant Roshni V. Patel for unpaid homeowners' association fees. On appeal, Patel challenges the grant of summary judgment, but we find that grant was proper. Patel also challenges the trial court's denial of two post-judgment motions, but we find that, because the trial court ruled after the notice of appeal had been filed, she lacked jurisdiction. Accordingly, we affirm the grant of summary judgment and vacate the orders on the post-judgment motions.

1. *Summary judgment.*

Patel argues that the trial court erred in her order granting summary judgment to the Association. As an initial matter, we consider our jurisdiction to review this ruling. The Association argues that we lack jurisdiction because Patel's notice of appeal from the order contained language suggesting that she did not actually intend it to be a notice of appeal. We find, however, that the notice of appeal was sufficient to confer jurisdiction upon this court. OCGA § 5-6-37.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. *Ray Mashburn Homes, LLC v. Charterbank*, 339 Ga. App. 490, 491 (793 SE2d 655) (2016).

Where, as here, "the movant is the plaintiff, [it] has the burden of presenting evidence to support [its] claim and the burden of piercing the defendant's affirmative defenses." *State of Ga. v. Rozier*, 288 Ga. 767, 768 (707 SE2d 100) (2011) (citations omitted). The Association made a prima facie showing that it met this burden. It presented evidence that from January 21, 2011, until January 7, 2014, Patel was a record title owner of the property that was the subject of the Association's complaint.

That property was subject to the Association's recorded Declaration of Protective Covenants ("the Declaration"), which pertinently provided:

> Each Owner of any Lot, by acceptance of a deed therefor, whether or not it shall be so expressed in such deed, covenants and agrees to pay to the Association [various specified assessments and charges], including, but not limited to, reasonable fines as may be imposed in accordance with the terms of th[e] Declaration[,] late charges, interest, . . . and reasonable attorney's fees actually incurred[.]

The Declaration defined an "Owner" to be the "record owner . . . of the fee simple title to any Lot located within the Community [governed by the Declaration]." Patel failed to pay assessments and other charges on the property as required by the Declaration. The Association provided evidence of the amounts owed on the property under the Declaration, including attorney fees incurred in the action.

Once the Association made a prima facie showing that it was entitled to judgment as a matter of law, the burden shifted to Patel, who was then required to "present competent evidence establishing a possible defense." *Sawnee Forest v. CRE Venture 2011-1*, 339 Ga. App. 339, 341 (2) (793 SE2d 542) (2016) (citation, punctuation, and emphasis omitted). Patel failed to do so.

Patel argued that she did not own the property referred to in the complaint and presented evidence that she had conveyed it to another person in a quitclaim deed that was executed on July 18, 2011 but not recorded until June 26, 2014, after the Association had filed its motion for summary judgment. This evidence, however, did not create a genuine issue of material fact because Patel's execution of the quitclaim deed alone did not alleviate her of her obligations under the terms of the Declaration; the Declaration imposed those obligations upon the property's "record owner," and until that quitclaim deed was recorded, Patel remained a record owner of the property. See *Lionheart Legend v. Norwest Bank Minnesota Nat. Assn.*, 253 Ga. App. 663, 664 (560 SE2d 120) (2002) (grantor of unrecorded quitclaim deed "remained the record owner of the property").

Seeking to benefit from a scriviner's error, Patel also submitted evidence that she did not own property at a different street address; the Association had used that different address to refer to the property in its summary judgment brief and the attorney who had researched the title to the property had used that different address in his affidavit. However, the attorney's title report, attached to that affidavit and referenced therein, identified the property by the correct street address. This evidence likewise did not create a genuine issue of material fact, because it did not dispute that

4

Patel *did* own the property that was the subject of the Association's complaint and, therefore, the subject of the summary judgment on that complaint.

In connection with her post-judgment motions, Patel presented additional evidence that she had never accepted a deed for the property and that, after the summary judgment ruling in this case, a court in a different case ruled that the deed conveying the property to Patel was "invalid, [v]oid and cancelled." We cannot consider this evidence in our review of the trial court's summary judgment ruling because this evidence was not before the trial court when the court ruled. See *Fennelly v. Lyons*, 333 Ga. App. 96, 99 n. 4 (775 SE2d 587) (2015); *Atkinson v. City of Atlanta*, 325 Ga. App. 70, 72 n. 3 (752 SE2d 130) (2013). We take no position on whether Patel's additional evidence would or would not have created a genuine issue of material fact that would have precluded summary judgment had she presented it to the trial court before that court ruled on the motion.

Patel argues that the reason she did not present more evidence in opposition to summary judgment was because the Association referred to the property by the wrong street address in its summary judgment brief. But "[i]t is the duty of each party at the hearing on the motion for summary judgment to present his [or her] case in full." *Black v. Floyd*, 280 Ga. 525, 526 (1) (630 SE2d 382) (2006) (citations and

punctuation omitted). If Patel had evidence that created a genuine issue of material fact and precluded summary judgment on the claim asserted in the Association's complaint (which referred to the property by the correct street address), she should have presented that evidence in opposition to the motion for summary judgment, before the trial court ruled on the motion.

2. *Post-judgment motions.*

Patel argues that the trial court erred in denying Patel's post-judgment motions, in which Patel had asked the trial court to reconsider or set aside the judgment in favor of the Association. The trial court, however, lacked jurisdiction to rule on the motions because, when the trial court ruled, Patel already had filed her notice of appeal from the summary judgment. See *Gomez v. Innocent*, 323 Ga. App. 1, 3 (3) (746 SE2d 645) (2013) ("A notice of appeal divests the trial court of jurisdiction to supplement, amend, or modify the judgment while the appeal of that judgment is pending.") (citation omitted). We therefore vacate those rulings. See id.

*Judgment affirmed in part and vacated in part. Miller, P. J., and McMillian, J., concur.*

6