**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 12, 2019**

# In the Court of Appeals of Georgia

A18A2129. MUGHNI v. BEYOND MANAGEMENT GROUP, INC.

A19A0111. MUGHNI v. BEYOND MANAGEMENT GROUP, INC.

McMILLIAN, Judge.

Beyond Management Group, Inc. ("BMG") and Mohammed Abdul Hafeez Mughni ("Hafeez")[1] entered into a contract that enabled Hafeez to obtain employment in the United States under the H1B Visa program. After Hafeez left BMG's employment to take a position with another company, BMG filed an arbitration proceeding seeking to recover monies it claimed were owed the company under the contract, and it obtained an award against Hafeez in the amount of $35,000 in

---

[1] This appeal is styled under the name Mughni, but the Appellant's Brief uses the name "Hafeez," and we will adopt that name in this opinion.

liquidated damages, plus $2,514.36 in attorney fees (the "Award"). Hafeez asserts that he was never served with the arbitration complaint and that the first time he learned of the matter was when he was served with a copy of BMG's petition to confirm the Award (the "Petition"). The trial court entered an order confirming the Award on November 9, 2017 ("Confirmation Order"), and Hafeez appeals that order in Case No. A18A2129. On May 29, 2018, the trial court entered an order denying Hafeez's motions to vacate the Award, to reconsider the Confirmation Order, and to reopen the case ("Denial Order"), and Hafeez appeals those rulings in Case No. A19A0111.[2] For the reasons set forth below, we vacate the Confirmation Order, reverse the Denial Order, and remand this case for further proceedings consistent with this opinion.

*Case No. A18A2129*

1. Before turning to the merits of Hafeez's appeal, we must first address BMG's argument that we do not have jurisdiction over this direct appeal because the Confirmation Order was not final, and Hafeez failed to follow the procedures for an interlocutory appeal. "It is well established that this Court has a solemn duty to

---

[2] Additional facts will be addressed in considering Hafeez's appellate arguments.

2

inquire into our jurisdiction to review the errors enumerated on appeal, and it is a duty we do not take lightly." (Citation and punctuation omitted.) *Ford v. Ford*, 347 Ga. App. 233, 233 (818 SE2d 690) (2018).

The Confirmation Order, entered on November 9, 2017, granted BMG's Petition; confirmed the Award; entered judgment in favor of BMG in the amount of the Award; and directed the clerk to close the file. Four days later,[3] on November 13, Hafeez filed his motion to vacate the Award, and on December 6, 2017, he filed a motion for reconsideration of the Confirmation Order. Hafeez filed his Notice of Appeal two days later, on December 8, 2017, which was 30 days after the entry of the Confirmation Order.

Although the Confirmation Order is denominated as a "Final Order and Judgment," "it is substance and not mere nomenclature which determines the nature and finality of the order." *In re Estate of Sims*, 246 Ga. App. 451, 452 (540 SE2d 650) (2000). OCGA § 5-6-34 (a) (1) provides for direct appeals from final orders, which the statute describes as "where the case is no longer pending in the court below[.]" A ruling "constitutes a final judgment within the meaning of OCGA § 5-6-34 (a) (1)

---

[3] We note that the trial court would have been closed on Friday, November 10, 2017 for Veteran's Day, OCGA § 1-4-1 (a) (1), and thus Monday, November 13 was the first opportunity to file a pleading after the Confirmation Order.

3

where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." (Citation omitted.) *State v. Clark*, 273 Ga. App. 411, 414 (1) (615 SE2d 143) (2005).

At the time the trial court signed the Confirmation Order, the Petition was the only matter pending before the court, and thus, the order granting the Petition was final as it left no issues remaining to be resolved. Although Hafeez later filed motions to vacate the arbitration award and for reconsideration of the Confirmation Order, such motions do not extend the time for filing a notice of appeal. OCGA § 5-6-38 (a) (notice of appeal "shall be filed within 30 days after entry of the appealable decision or judgment complained of[;]" except when a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed.); *Coen v. Aptean, Inc.*, 346 Ga. App. 815, 819, n.11 (816 SE2d 64) (2018) ("A motion for reconsideration does not extend the time for filing a notice of appeal.") (citation and punctuation omitted). Nor does a pending motion for reconsideration generally deprive an appellate court of jurisdiction over the appeal of the judgment that is the subject of that motion. *Person v. State*, 260 Ga. App. 644, 645 (1) (580 SE2d 649) (2003); *Threatt v. Forsyth County*, 250 Ga. App. 838, 844 (2) (552 SE2d 123) (2001).

See also *In the Interest of J. F.*, 310 Ga. App. 807, 808-09 (1) (714 SE2d 399) (2011) (final order directly appealable even though trial court later holds a hearing and issues an order denying motion for reconsideration). And we see no reason to treat the post-judgment filing of a motion to vacate the Award, which in effect asked the trial court to reconsider its judgment confirming the Award, any differently. We, therefore, find BMG's jurisdictional argument to be without merit.

2. Turning to the merits, Hafeez argues that the trial court erred in signing the Final Order and Judgment in this case before his time to respond to BMG's motion to confirm the arbitration award had expired and that it miscalculated the three-month period for filing a motion to vacate or modify. We agree that the trial court's entry of the Confirmation Order was premature, and because the trial court lacked any factual basis for determining whether Hafeez had filed timely motions to vacate or modify at the time it entered that order, we vacate the Confirmation Order and remand for further proceedings.

Generally, "[a] defendant shall serve his answer within 30 days after the service of the summons and complaint upon him, unless otherwise provided by statute." OCGA § 9-11-12 (a). But "[w]here the person serving the process files proof of service with the court more than five business days after the service date, OCGA §

5

9-11-4 (h) provides that the time for the party served to answer the process shall not begin to run until such proof of service is filed." (Punctuation omitted.) *Summers v. Wasdin*, 337 Ga. App. 671, 672 (2) (a) (788 SE2d 573) (2016).

BMG obtained the trial court's permission to have Hafeez served by a private process server, and on October 10, 2017, it filed an affidavit showing that the process server obtained service of the Petition and summons on Hafeez on September 30, 2017, by handing a copy to his wife at their residence.[4] However, proof of service in this case was filed more than five days after service was obtained. Accordingly, Hafeez had until the last minute that the Superior Court Clerk accepted filings, electronically or otherwise, on November 9, 2017, in which to respond to the Petition. See *Bilbo v. Five Star Athlete Mgmt., Inc.*, 334 Ga. App. 208, 210 (778 SE2d 834) (2015) (applying a 30-day response time to a petition to confirm arbitration under Georgia Arbitration Act); *Green Tree Servicing, LLC v. Jones*, 333 Ga. App. 184, 187-88 (2) (775 SE2d 714) (2015) (applying 30-day response time to application to confirm arbitration award, which is considered to be a motion, not a pleading, under the Federal Arbitration Act); USCR 36.16 (providing for electronic filing in superior

---

[4] Hafeez acknowledged in a post-judgment filing that he received them from his wife on that date.

6

courts). Nevertheless, the trial court signed the Confirmation Order on November 8, 2017, and it was filed at 2:20 p.m. on November 9, over two hours before the closure of the Clerk of Court's office. See OCGA § 15-6-93 (a).[5] Therefore, the entry of the Confirmation Order was premature as it was entered without providing Hafeez the statutorily prescribed time to respond.

We next turn to Hafeez's argument that the trial court erred in finding that the Award be confirmed because there was no evidence that Hafeez filed a timely motion to vacte, modify, or correct the award. Under the Georgia Arbitration Act (the "Act"),[6] a reviewing court "shall confirm an award upon application of a party made

---

[5] Under that provision,

The office of each clerk of superior court shall be open to conduct business Monday through Friday from at least 9:00 A.M. until 5:00 P.M. and shall not close for any period of time during such hours, unless such office has less than two employees, in which case such office shall be permitted to be open from at least 8:00 A.M. until noon and from at least 1:00 P.M. until 5:00 P.M.

OCGA § 15-6-93 (a).

[6] Both parties rely upon the Act in their arguments to this Court, and therefore, for purposes of this appeal, we will assume that the Act and not the Federal Arbitration Act, 9 USC § 1, et seq., governs the parties' arbitration agreement. But see *Green Tree Servicing*, 33 Ga. App. at 184 (1).

7

within one year after its delivery to [the party], unless the award is vacated or modified by the court as provided in [the Act]." OCGA § 9-9-12. We have interpreted this provision as mandating confirmation unless the other party successfully establishes that the award should be modified or vacated. *Berger v. Welsh*, 326 Ga. App. 290, 298 (5) (756 SE2d 545) (2014). The Act further provides that a party to an arbitration has "three months after delivery of a copy of the award to the applicant[]" in which to file such a motion, OCGA §§ 9-9-13 (a), 9-9-14 (a), and that "[t]he arbitrators shall deliver a copy of the award to each party personally or by registered or certified mail or statutory overnight delivery, return receipt requested, or as provided in the agreement." OCGA § 9-9-10 (a). BMG's Petition, which was the only pleading before the trial court when it rendered its decision, did not allege, or present any evidence showing, that the arbitrators delivered the Award to Hafeez in the manner prescribed in the Act or when such delivery occurred. Therefore, the trial court had no evidence on which to base its determination that Hafeez had failed to file any timely motions at the time it signed the Confirmation Order.

Accordingly, the Confirmation Order must be vacated and this case remanded for further proceedings consistent with this opinion.[7]

*Case No. A19A0111*

3. As his sole enumeration of error in this appeal, Hafeez asserts that after he filed his notice of appeal in Case No. A18A2129, the trial court lacked jurisdiction to enter the Denial Order. We agree.

The trial court entered the Denial Order on May 29, 2018, over five months after Hafeez filed his Notice of Appeal on December 8, 2017. "As a general rule, in civil actions other than injunctions, a trial court, upon the filing of a notice of appeal, loses jurisdiction to modify or enforce a judgment which is the subject of the appeal during the period of supersedeas." *Davis v. Harpagon Co.*, 281 Ga. 250, 253 (8) (637 SE2d 1) (2006). Stated another way, "a pending appeal acts as a supersedeas, depriving the trial court of the power to affect the judgment appealed." *Burton v. Glynn County*, 297 Ga. 544, 549 (776 SE2d 179) (2015). See also *Gomez v. Innocent*, 323 Ga. App. 1, 4 (3) (746 SE2d 645) (2013) ("A notice of appeal divests the trial court of jurisdiction to supplement, amend, or modify the judgment while the appeal

_____

[7] Given this determination, we need not reach the arguments raised in Hafeez's third enumeration of error, asserting that the trial court erred in confirming the Award because he did not receive the required statutory service of the Award.

9

of that judgment is pending.") (citation omitted). It is well-settled that a notice of appeal of a judgment divests the trial court of jurisdiction to consider a motion for reconsideration of that judgment, and thus the trial court lacked jurisdiction to rule on Hafeez's motion for reconsideration. See *Moon v. State*, 288 Ga. 508, 517 (11) (705 SE2d 649) (2011) (appellant filed notice of appeal before trial court had ruled on motion for reconsideration, divesting trial court of jurisdiction to reconsider its order); *Fortson v. Hotard*, 299 Ga. App. 800, 804 (3) (684 SE2d 18) (2009) (same). The Denial Order also denied Hafeez's motion to vacate the Award. Because the motion to vacate directly affects the issues addressed in, and could affect the enforcement of the Confirmation Order, we find that the Notice of Appeal deprived the trial court of jurisdiction to consider that motion as well. Cf. *Ricks v. State*, 303 Ga. 567, 567 (1) (814 SE2d 318) (2018) (notice of appeal deprives court of jurisdiction to determine later filed motion for out of time appeal concerning the same judgment). Accordingly, the Denial Order must be reversed.

*Judgment in Case No. A19A0111 reversed; judgment in Case No. A18A2129 vacated and case remanded;. Barnes, P. J., and Reese, J., concur*.