**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 14, 2019**

# In the Court of Appeals of Georgia

A19A0422. HOUSTON HOSPITALS, INC. et al. v. FELDER et al.     ME-021

A19A0423. HOUSTON HOSPITALS, INC. et al. v. BOWEN et al.     ME-022

MERCIER, Judge.

In these related appeals, Houston Hospitals, Inc. and Houston Healthcare Systems, Inc. d/b/a Perry Hospital (collectively referred to as the "Hospital") appeal the trial court's orders denying their motions for summary judgment.[1] This appeal arises out of the misconduct of Rachel Repraeger, an employee of the Hospital, who forged patients' mammogram reports. This Court previously affirmed summary judgment to the Hospital regarding similar allegations by different plaintiffs in *Jefferson v. Houston Hospitals*, 336 Ga. App. 478 (784 SE2d 837) (2016), holding that the

---

[1] While the Plaintiffs sued additional parties, some of which were parties to the orders on the motions for summary judgment, those parties are not parties to this appeal.

plaintiffs failed to present sufficient evidence to sustain their claims.[2] Id. at 478-479. For the following reasons, we find that the plaintiffs in this appeal failed to present sufficient evidence to sustain their claims and reverse the denial of the Hospital's motions for summary judgment.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-6 (c). In our de novo review of the grant or denial of a motion for summary judgment, "we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010) (citation and punctuation omitted).

> [T]he rule with regard to summary judgment is that a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence

---

[2] The same underlying fact pattern was the basis for *Sidle v. Houston Hospital*, Case No. A15A1415 (decided Nov. 19, 2015), regarding the grant of the Hospital's motion to dismiss. "Using Court of Appeals Rule 36, [this Court] issued a non-precedential affirmance of the [*Sidle*] trial court without opinion." *Judicial Council of Georgia v. Brown & Gallo*, 288 Ga. 294, 296 (702 SE2d 894) (2010).

in the record that there is an absence of evidence to support any essential element of the nonmoving party's case.

Id. at 623 (1) (a) (citation and punctuation omitted).

The plaintiffs at issue received mammograms at the Hospital in 2008 or 2009. Repraeger, the lead mammography technologist at the Hospital, was supposed to transmit mammogram images to a radiologist for interpretation. See *Jefferson*, supra at 479. Instead, she used passwords that she obtained from training to log into the Hospital's mammography record system and create forged reports which stated that the mammograms were normal. Id. The Hospital discovered the forgeries following an investigation, and Repraeger was terminated on April 6, 2010. Id at 479-480. She was indicted on ten counts of reckless conduct and ten counts of computer forgery; she ultimately pled guilty to ten counts of reckless conduct and one count of computer forgery. Id. at 480. The Hospital refunded all payments made regarding the forged mammograms to the patients' insurance companies and paid for effected patients to undergo another mammogram.

All of the plaintiffs at issue filed complaints in March of 2012, alleging claims for medical negligence, fraud, RICO, intentional infliction of emotional distress, breach of contract and express warranty, general negligence and negligence per se,

conversion, bad faith costs, attorneys fees, and punitive damages. The Hospital filed motions for summary judgment, and the trial court denied the motions as to the plaintiffs' claims, with the exception of the RICO and conversion claims. The trial court reserved ruling on the RICO claims for a more definite statement from the plaintiffs and granted summary judgment to the Hospital on the plaintiffs' conversion claims. The plaintiffs have not appealed these rulings.

It appears that the trial court issued two separate orders on the Hospital's motions for summary judgment due to the plaintiffs' claim that if the mammograms had been properly analyzed, three of the plaintiffs' mamograms "would have revealed the presence of incipient cancer or other positive findings warranting further diagnostic measures." Those three plaintiffs are the sole appellees in Case No. A19A0422.[3] The other fourteen plaintiffs, none of which claimed that they suffered from breast cancer or any other health condition that the mammogram was likely to detect, are the appellees in Case No. A19A0423.[4] (Unless otherwise indicated, we will refer to the

---

[3] The A19A0422 plaintiffs are Pamela Felder, Michelle Soley and Patricia Bowers.

[4] The A19A0423 plaintiffs are Daisy Bowen, Georgia Carter, Etherene Fendley, Rosa Harris, Dorothy Hullett, Evelyn Hunt, Mary Jackson, Anne Metz, Vivian Pennington, Annie Ross, Jennifer Scott, Diana Simpson, Nancy Simpson and Ann

4

seventeen plaintiffs collectively as the "plaintiffs"). The Hospital appeals the trial court orders, arguing inter alia, that similarly to the plaintiffs in *Jefferson,* the plaintiffs failed to establish that they suffered physical or emotional injuries or pecuniary loss. We agree.

1. The Plaintiffs, in their individual complaints, each claim that they suffered physical and emotional injuries and pecuniary loss as a result of the Hospital's medical negligence.

> The essential elements of a medical negligence claim are (1) the duty inherent in the doctor-patient relationship; (2) the breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure be the proximate cause of the injury sustained.

*Hill v. Jackson*, 336 Ga. App. 679, 691-692 (4) (a) (783 SE2d 719) (2016) (citations and punctuation omitted). "Any injury resulting from a want of such care and skill shall be a tort for which a recovery may be had." OCGA § 51-1-27.

(a) The plaintiffs argue that by submitting to a second mammogram after Repraeger's conduct was discovered, they suffered a physical injury due to "excessive radiation," "soft tissue damage and painful bruising to [their] breast." The

---

Tippy.

plaintiffs do not dispute that they consented to the second mammogram, but they claim that the mammogram itself caused them injury.

A mammogram however, is an ordinary medical diagnostic procedure. See *Jefferson*, supra at 486 (3) (a). In fact, the first mammogram report, which was issued by Repraeger, informed the Plaintiffs that "[a] 1 year screening mammogram is recommended." The plaintiffs have failed to establish that they would not have had another mamogram within the year that they had their second mammogram. Furthermore, the plaintiffs have not shown that the second mammogram was negligently performed, such that the radiation or bruising were not typical consequences of a routine mammogram. Without more, we cannot hold that the "injuries" sustained by voluntarily submitting to a recommended routine medical diagnostic procedure were sufficient to sustain their claim. See *Jefferson*, supra at 486 (3) (a).

(b) The A19A0422 plaintiffs claim that they suffered an additional physical injury as their "claims involved actual breast cancer or invasive medical procedures proximately related to the delay in diagnosis caused by the fraudulent acts and misrepresentations of the Hospital and its employee, [Repraeger.]"

(i) On appeal, however, Soley and Bowers do not cite to any evidence that suggests that they suffered from breast cancer or invasive medical procedures as a result of the delay caused by Repraeger's misconduct. In support of its motions for summary judgment, the Hospital produced exhibits containing Soley's and Bowers's medical records. The records establish that after the discovery that Repraeger had forged their original mammograms reports, both Soley and Bowers submitted to a second mammogram, where no breast cancer was detected.

Moreover, the expert affidavits attached to Soley's and Bowers's complaints do not claim that either woman suffered from breast cancer or invasive medical procedures. "Assertions in briefs not supported by evidence of record cannot be considered on appellate review." *BTL COM Ltd. v. Vachon*, 278 Ga. App. 256, 258 (fn. 2) (628 SE2d 690) (2006) (citation and punctuation omitted).

> As in *Jefferson*, neither Soley, Bowers, nor the A19A0423 plaintiffs
>
> have or have had breast cancer, and therefore the failure of a radiologist to examine their mammography films did not exacerbate an existing condition. This distinguishes their situation from those in which an improper or negligent examination resulted in a delayed diagnosis and treatment of a disease.

*Jefferson*, supra at 486 (3) (a).

7

(ii) Felder, the daughter of Velma Riley and the administrator of Riley's estate, filed her lawsuit individually and on behalf of the estate. As with its motions for summary judgment regarding Soley's and Bower's claims, the Hospital produced exhibits containing Riley's medical records to support its motion with respect to Felder. The records stated that Riley had a history of breast cancer in her left breast, and in 2006 she had a left breast mastectomy. On June 12, 2009, Repraeger performed a mammogram on Riley's right breast. After the Hospital discovered that Repraeger had forged the mammogram report, the Hospital performed a second mammogram on Riley's right breast on June 1, 2010. The second mammogram report stated that there were "no suspicious clusters of microcalcifications" and "[n]o new mass [was] seen." Furthermore, in November 2009, in between the two mammograms of Riley's right breast, her medical records state that Riley had a recurrence of her breast cancer in "the left supraclavicular area and left axilla. She also had involvement of the left brachial, plexus." The plaintiffs have failed to point to anything in the record that would indicate that Riley had breast cancer in her right breast, or that the June 12, 2009 mammogram would have found signs of breast cancer in her right breast if it had been interpreted by the radiologist.

The plaintiffs' radiology expert averred that Riley died on June 27, 2010, "as a result of metastic [sic] breast cancer and shock," which he learned from reviewing her death certificate. However, the death certificate is not attached to the affidavit, and does not appear to be in the record, and the plaintiffs do not specify which breast had cancer. As the death certificate was not attached to the affidavit and does not appear to be in the record, the unsupported averment in the affidavit is "insufficient under OCGA § 9-11-56(e) to meet the evidentiary standards on a motion for summary judgment and, as a matter of law, lacked any probative value." *Estate of Patterson v. Fulton-DeKalb Hosp. Auth.*, 233 Ga. App. 706, 707 (1) (505 SE2d 232) (1998) (citations omitted).

The medical records referenced by the Hospital indicate that if Repraeger had transmitted the mammogram images to a radiologist for interpretation, the images would not have shown signs of breast cancer in Riley's right breast. The Hospital in its motion for summary judgment and supporting materials "pointed out by reference to the evidence in the record that there is an absence of evidence" of Riley having suffered an injury due to the forged mammogram reports. *Cowart*, supra at 631 (3) (a) (citations and punctuation omitted). The plaintiffs have failed to "point to specific evidence, expert and non-expert, from which a jury could reasonably conclude by a

9

preponderance of the evidence" that the forged mammogram report injured Riley. Id. (citation and punctuation omitted). "Mere speculation, conjecture, or possibility are insufficient to preclude summary judgment." *State v. Rozier*, 288 Ga. 767, 768 (707 SE2d 100) (2011) (citations and punctuation omitted).

(c) The plaintiffs also claim they suffered mental and emotional injuries as a result of Repraeger's actions. However, in support of this claim the Appellees do not cite to any depositions or affidavits given by the Plaintiffs. Instead, they cite to the affidavit of their radiology expert who averred that the plaintiffs suffered "mental injury and extreme distress." The radiology expert does not claim to have spoken with the plaintiffs or reviewed statements given by the plaintiffs. Nor does the expert claim to have any background in psychology, psychiatry or any mental health field. As the radiology expert's affidavit regarding the plaintiffs' emotional injuries is conclusory and unsupported, it is insufficient to establish genuine issues of fact. See *Edokpolor v. Grady Memorial Hosp.*, 347 Ga. App. 285, 288 (1) (819 SE2d 92) **(2018).**

The plaintiffs claim in their appellate briefs that they suffered physical injuries as a result of their emotional distress, including "hair loss, sleeplessness, extreme depression, vomiting, and other such resulting symptoms," but they fail to cite to the record to support their claims. See Court of Appeals Rule 25 (b) (1) (failure of the

appellee to cite to parts of the record or transcript deemed material shall "constitute consent to a decision based on the appellant's statement of facts. Except as controverted, appellant's statement of facts may be accepted by this Court as true."); *BTL COM Ltd.*, supra. As the plaintiffs failed to present evidence that they suffered a mental or physical injury, their medical negligence claims fail as a matter of law. See *Jefferson*, supra at 486-487 (3) (c).

2. "The elements of fraud are a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and *damage to plaintiff*." *J. E. Black Constr. v. Ferguson Enterprises*, 284 Ga. App. 345, 347 (1) (643 SE2d 852) (2007) (citation and punctuation omitted; emphasis supplied). The plaintiffs failed to present evidence of damage resulting from Repraeger's actions. The Hospital refunded to the patients' insurance companies all payments made in connection with the forged mammograms and paid for the patients to undergo another mammogram. See *Jefferson*, supra at 486 (3) (b). The plaintiffs do not claim otherwise in their appellate briefs. Moreover, the plaintiffs have cited to no other evidence of damage arising from the forged mammogram reports. The Hospital, therefore, was entitled to summary judgment on the plaintiffs' fraud claim. See id.

3. As the plaintiffs have failed to demonstrate on an appeal that they suffered a physical, emotional or pecuniary injury, the trial court erred in denying the Hospital's motion for summary judgment on the plaintiffs' claims for intentional infliction of emotional distress, negligence and negligence per se. See id. at 484-486 (2), and 487 (3) (e). Similarly, the plaintiffs' claims for breach of contract and express warranty fail as a matter of law. See id. at 478 (3) (e), *Lankford v. Trust Co. Bank*, 141 Ga. App. 639, 641 (2) (234 SE2d 179) (1977) (affirmed trial court's grant of summary judgment regarding the plaintiff's breach of contract claim as the claimed damages were "too remote to be the basis of recovery against the wrongdoer"); see also OCGA § 51-12-8.

4. Finally, as stated in *Jefferson*, "derivative claims of attorney fees and punitive damages will not lie in the absence of a finding of compensatory damages on an underlying claim." Supra at 488 (3) (f). However, as the plaintiffs' RICO claims are still pending below, their claims of attorneys fees and punitive damages remain pending below as to their underlying RICO claims.

5. As we have reversed the trial court's orders, we need not rule on the Hospital's remaining enumerated errors.

*Judgments reversed. Barnes, P. J., and Brown, J., concur.*